IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **BETH NOVINGER,** individually and on behalf of all others similarly situated, §§§§ | |
| Plaintiff, §§ | |
| v. § | Case No.: 5:15-CV-197 (LJA) |
| **FLASH FOODS, INC.,** §§§ | |
| Defendant. § | |

# COMPLAINT

COMES NOW the Plaintiff, Beth Novinger, and hereby files this lawsuit against the Defendant, Flash Foods, Inc., (hereinafter: "Flash Foods" or "FFI") for herself and all others similarly situated, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action state the following:

## PARTIES

1.     Defendant Flash Foods is a corporation conducting business in the State of Georgia.  Defendant also operates over 170 store locations throughout Georgia and Florida.

2. Plaintiff, Beth Novinger is over the age of nineteen (19) years and is a resident citizen of Eatonton, Georgia.

3. At all times material to this action, the Plaintiff, Beth Novinger, was employed by defendant at its stores Flash Foods 192, located at 3056 N. Columbia St. Milledgeville GA 31061.

## JURISDICTION AND VENUE

4. This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq., -- specifically the collective action provision of the Act found at Section 216(b) -- for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by the Defendant, which has deprived the Plaintiff, as well as others similarly situated to the Plaintiff, of their lawful wages.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in the Middle District District of Georgia under 28 U.S.C. § 1391(b).

6. Defendant is subject to personal jurisdiction in the State of Georgia for the purpose of this lawsuit.

## FAIR LABOR STANDARDS ACT CLAIM

7. This action is brought to recover any and all unpaid compensation (including but not limited to: salary, sales incentives, commissions, bonuses,

vacation and sick time) owed to Plaintiff and all employees and former employees of Defendant who are similarly situated, pursuant to the FLSA.

8. For at least three years prior to filing this complaint, Flash Foods has had a uniform policy and practice of consistently requiring its alleged "managerial" Store Manager employees to work over forty (40) hours per week for a salaried amount without overtime compensation.  The Plaintiff's primary duty was neither managing the enterprise, nor managing a customarily recognized department or subdivision of the enterprise.

9. The Plaintiff did not customarily or regularly direct the work of two or more other full-time employees or their equivalent.

10. The Plaintiff did not have the authority to hire, fire, or promote any employees.

11. The Plaintiff's work duties consisted primarily of performing non-managerial functions, including, but not limited to:  running the cash register, stocking merchandise, and janitorial duties.

12. The Plaintiff, as well as all similarly situated other alleged managerial employees, was paid a specified weekly salary.

13. The Plaintiff, as well as other similarly situated employees, was not paid any overtime compensation despite the fact that the employees worked 20-50

hours a week over the required 40 hours and that the vast majority of her hours were spent performing non-managerial job duties.

14. The Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid sales incentives, commission, bonuses, vacation and sick time, overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

15. At all times material to this action, Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

16. At all times relevant to this action, Defendant was an "employer" of the named Plaintiff as defined by §203(d) of the FLSA.

17. At all times material to this action, the Plaintiff was and is an "employee" of Defendant as defined by §203(e)(1) of the FLSA, and worked for the Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

18. The provisions set forth in §§ 206 and 207, respectively, of the FLSA apply to the Defendant, and all members of the plaintiff class were covered by §§ 206 and 207 of the FLSA while they were employed by the Defendant.

19. At all times relevant to this action, defendant employed plaintiffs in the capacity of managerial employees, including, but not limited to, Store Manager.

20. The services performed by the Plaintiff were a necessary and integral part of and directly essential to the Defendant's business.

21. The Plaintiff and other similarly situated managerial employees were required to perform both managerial and non-managerial duties without overtime compensation, commission, vacation, or sick time.

22. The Defendant has intentionally failed and/or refused to pay the Plaintiff and other managerial salary/rates according to the provisions of the FLSA.

23. The systems, practices, and duties of the named Plaintiff have existed for at least three years throughout the Defendant's businesses.

24. For at least three years, the Defendant has been aware of the requirements of the FLSA and its corresponding regulations necessary to provide managerial employees with sales incentives, commission, overtime compensation, bonuses, vacation and sick time. Despite this knowledge, the Defendant has failed to pay its employees the mandatory lawful incentives, commission, overtime compensation, bonuses, vacation and sick time to conform the duties of these employees to the requirements of the FLSA.

25. The Defendant has intentionally and repeatedly misrepresented the true status of managerial compensation to its employees as well as their entitlement to managerial incentives, commission, bonuses, overtime compensation, vacation and sick time in order to avoid suspicion and inquiry by employees regarding their

entitlement to monies owed to them. The Plaintiff, as well as other similarly situated present and former employees, relied upon these misrepresentations by Defendant and was unable to determine her true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

26. As a result of the actions of the Defendant in fraudulently concealing the true status of its employees when performing managerial duties under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. § 255(a) is tolled for long as defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendant is estopped from raising such statute of limitations as a bar.

27. There are numerous other similarly situated employees and former employees of defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the Defendant and are readily identifiable and locatable through the Defendant's records. Specifically, all Store Managers and former Store Managers of Defendant who were not compensated at a time and a half rate for all hours worked over forty (40) per week, would benefit from Court- Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

28.	Defendant further has engaged in widespread pattern and practice of violating the provisions of FLSA by failing to pay plaintiffs and other similarly situated employees and former employees in accordance with § 207 of the FLSA.

29.	As a result of the Defendant's violations of the FLSA, the named Plaintiff, as well as all others similarly situated, have suffered damages by failing to receive managerial compensation in accordance with § 207 of the FLSA.

30.	In addition to the amount of unpaid wages and benefits owing to the Plaintiff and all other similarly situated employees, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and prejudgment interest.

31.	The Defendant's actions in failing to compensate the Plaintiff, as well as other similarly situated employees and former employees, in violation of the FLSA, were willful.

32.	The Defendant has not made a good faith effort to comply with the FLSA.

33.	The Plaintiff, and all others similarly situated, are also entitled to an award of attorney's fees pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA, pray for the following relief:

A.     At the earliest possible time, that Plaintiff be allowed to give notice, or that the Court issue such Notice, to all of Defendant's current and former Store Manager employees in all locations within the United States during the three years immediately preceding the filing of this suit, to all other potential Plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid managerial compensation and benefits pursuant to 29 U.S.C. §216(b);

B.     That the Plaintiffs be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

C.     Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action; and

D.     Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

## JURY DEMAND

Plaintiff demands a trial before a struck jury.

Date: May 27, 2015

                      Respectfully submitted,

                      */s/ W. Todd Harvey*
                      W. Todd Harvey (Georgia Bar No.: 335553)

/s/ *J. Allen Schreiber*
J. Allen Schreiber
(*pro hac vice* application forthcoming)

/s/ *Robert E. Norton*
Robert E. Norton
(*pro hac vice* application forthcoming)

**BURKE HARVEY, LLC**
3535 Grandview Parkway, Suite 100
Birmingham, AL 35243
Phone: 205-930-9091
Fax:  205-930-9054
tharvey@burkeharvey.com
aschreiber@burkeharvey.com
rnorton@burkeharvey.com
*ATTORNEYS FOR PLAINTIFF*

**SERVE DEFENDANT BY CERTIFIED MAIL:**

Flash Foods, Inc.
c/o J.C. Jones, III, Registered Agent
215 Pendleton Street
Waycross, GA 31501